IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLANIA

| | | |
|---|---|---|
| KIMBERLY PORR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| PITTSBURGH VOYAGER t/d/b/a | ) | |
| RIVERQUEST, | ) | JURY TRIAL DEMANDED |
| | ) | Electronically Filed. |
| Defendant. | ) | |

COMPLAINT IN A CIVIL ACTION

COMES NOW the Plaintiff, KIMBERLY PORR, by and through her attorneys,

SCANLON & SANSONE and JOEL S. SANSONE, ESQUIRE, and brings this Complaint in a

Civil Action of which the following is a statement:

PARTIES

1.     Plaintiff, KIMBERLY PORR, is an adult citizen of the Commonwealth of Pennsylvania

residing in Washington County.

2.     The Defendant, PITTSBURGH VOYAGER, t/d/b/a RIVERQUEST (hereinafter

"RiverQuest") is a Pennsylvania non-profit corporation, with registered offices at 1501

Reedsdale Street, Pittsburgh, PA 15233.

3.     At all times relevant hereto, Defendant was acting through its partners, directors, agents,

subsidiaries, officers, employees and assigns acting within the full scope of their respective

agency, office, employment or assignment.

4.     Defendant is and at all times relevant to this Complaint has been an employer in an

industry affecting commerce within the meaning of Section 701(b) of the Civil Rights Act of

1964 and 42 U.S.C. Section 2000e-5(3), and is thus covered by the provisions of Title VII and the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over these claims pursuant to 42 U.S.C. Section 2000, et seq., and Section 2000(e) 2-3  (TitleVII), the Civil Rights Act of 1991, 42 U.S.C. Section 1981 (a), and the Equal Pay Act, 29 U.S.C. Section 201, et seq.  This Court may exercise pendent jurisdiction over Count IV of this Complaint brought under the Pennsylvania Human Relations Act (PHRA), 43 P.S. Section 951, et seq. 955.

6.      The Defendant was and at all times material to this Complaint has been an employer in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. Section 2000 et seq.

7.      All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391 (b)(2) and (c).

8.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

        A.      Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 18, 2009, and said charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

        B.      The EEOC issued a Notice of Dismissal and Right to Sue Letter dated March 26, 2010; and

        C.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

9.      A **JURY TRIAL** IS DEMANDED AS TO ALL COUNTS TO THE EXTENT

PERMITTED BY LAW.

<u>FACTUAL ALLEGATIONS</u>

10.     Plaintiff was employed by the Defendant, RiverQuest, from in or about May 1997, until

her unlawful termination on January 29, 2009.  While employed by the Defendant, Plaintiff held

various titles, the last of which was Director of Fleet Operations.

11.     On January 29, 2009, Plaintiff was informed by letter by her immediate supervisor, Karl

Thomas, that she was being terminated from her position and that her position was being

eliminated.

12.     Mr. Thomas further informed the staff of RiverQuest that all inquiries about Plaintiff's

duties and responsibilities would be directed to Mr. Edsel Burkholder.  Plaintiff believes and

therefore avers that Mr. Burkholder took over her duties and responsibilities.

13.     Mr. Thomas told the Plaintiff that the reason for her termination was a reduction in force

caused by a significant economic downturn including an alleged 50 percent decline in corporate

and other funding.  In reality, numerous individuals were hired before, at the time of and

subsequent to Plaintiff's termination at salaries higher than Plaintiff's salary or higher than

others who previously held those positions.

14.     For example, two years prior to Plaintiff's unlawful termination, Mr. Burkholder was

given a raise so that he made approximately the same amount as or more money than Plaintiff.

This is notwithstanding the fact that Mr. Burkholder had been demoted from a manager's

position to a captain's position because of poor performance and the disparity in his experience

and responsibilities when compared to the Plaintiff's and other females.  In fact, despite Mr.

Burkholder's demonstrated poor performance, he was given the opportunity to take over

Plaintiff's position during these allegedly difficult times.

15.     Further, under Mr. Thomas' direction, males were paid significantly higher wages for

substantially similar work than were females.

16.     Moreover, Mr. Thomas has been the object of numerous complaints and accusations from

female and male employees that he favors male employees and discriminates against female

employees.

17.     In September, 2008, Plaintiff made complaints to a board member of the Defendant that

Mr. Thomas' conduct was causing a hostile work environment.  In Plaintiff's written submission

to the board, Plaintiff did not mention sexual discrimination or hostility towards females.

However, in a conversation with Mr. Duritza after the filing of a grievance, Plaintiff told him

about the complaints of several other females, and Plaintiff informed Mr. Duritza that she could

identify at least three specific female employees who would be willing to come forward with

evidence regarding Mr. Thomas' hostility towards female employees.

18.     The Defendant did not perform any investigation of Plaintiff's allegations beyond two

brief conversations: one with Plaintiff and one with three board members.  To Plaintiff's

knowledge, no other women were interviewed regarding these claims.  In answer to the

grievance Plaintiff filed, on the very date of her termination, Plaintiff was handed a written

decision by Charles Duritza, vice president of operations, and a member of the Defendant's

board of directors.  That written decision denied Plaintiff's grievance and complaints even

though no substantial investigation of those complaints had been undertaken.

19.     Plaintiff believes that her termination from employment was influenced in whole or in part because she is a female and in retaliation for her having made claims of a sexually hostile work environment to the Defendant's board of directors.

20.     Defendant's willful and deliberate conduct is part of a plan, pattern or practice of discrimination and retaliation which may affect employees similarly situated to Plaintiff.

COUNT I:

SEXUAL (GENDER) DISCRIMINATION

21.     Plaintiff incorporates by reference Paragraphs 1 through 20 as though fully set forth at length herein.

22.      As described hereinbefore above, Plaintiff was discriminated against based upon her sex in that she was treated less favorably than similarlysituated male employees.  Specifically, in addition to being paid less than similarly situated males, Plaintiff was terminated and replaced by a significantly less qualified and less experienced male.

23.     As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

24.     Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

25.     The actions of the Defendant as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

26.     The actions on part of the Defendant were part of a plan, practice or pattern of

discrimination which affects others who are similarly situated to the Plaintiff.


                    WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendant's actions
        to be unlawful and violative of Title VII of the Civil Rights Acts of
        1964 and 1991;

b.       that, in addition to the damages above, the Court award the Plaintiff
        compensatory and punitive damages as a result of the Defendant's
        violation of the Civil Rights Act of 1991;

c.      that the Court order the Defendant to reinstate the Plaintiff for which
        she would be entitled but for the discrimination described above,
        together with the accumulated seniority, fringe benefits, position and
        all other rights; or in the alternative that the Court order the Defendant
        to pay the Plaintiff front pay equivalent to her lost salary, salary raises,
        fringe benefits and all other rights;

d.      that the Court award the Plaintiff compensation for any and all lost
        salary, wages and benefits;

e.      that the Court order the Defendant to pay pre and post-judgment
        interest on any award given to the Plaintiff;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs
        of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just
        and proper.

                            JURY TRIAL DEMANDED

COUNT II:

RETALIATION

27.      Plaintiff incorporates by reference Paragraphs 1 through 26 as though fully set forth at length herein.

28.       As described hereinbefore above, Plaintiff engaged in protected activity, which included but was not limited to, verbal and written complaints to the Defendant, as described more fully above.

29.      As a direct result of engaging in these protected activities, Plaintiff suffered adverse employment actions almost immediately thereafter which included, but were not limited to, her termination from employment and being replaced by a significantly less qualified and less experienced male.

30.      These actions on the part of the Defendant were causally connected to Plaintiff's complaints as more fully described above.

31.      As a direct result of the Defendant's retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

32.      Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

33.      The actions of the Defendant as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

34.      The actions on part of the Defendant are part of a plan, practice or pattern of retaliation

which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.  that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

b.  that, in addition to the damages above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

c.  that the Court order the Defendant to reinstate the Plaintiff and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights; or in the alternative that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights;

d.  that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

e.  that the Court order the Defendant to pay pre and post-judgment interest on any award given to the Plaintiff;

f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

EQUAL PAY ACT VIOLATIONS

35.  Plaintiff incorporates by reference Paragraphs 1 through 34 as though fully set forth at

length herein.

36.     As set forth above, Plaintiff was paid lower wages than similarly situated male employees in violation of the Equal Pay Act.

37.     Plaintiff avers that she was paid less than similarly situated male employees who were performing substantially the same work as Plaintiff, and who had equal or less than equal skill, effort and responsibility as the Plaintiff, as well as having similar working conditions as the Plaintiff while she was employed by the Defendant.

38.     As a direct result of the Defendant's discriminatory actions in violation of the Equal Pay Act, 29 U.S.C. Section 201, et seq., the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. Additionally, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress. Moreover, the Plaintiff has incurred counsel fees and other costs of pursuing her legal rights.

        WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Equal Pay Act, 29 U.S.C. Section 201, et seq;

b.      that the Court enter a Judgment declaring the Defendant's actions to be unlawful and violative of the Pennsylvania Human Relations Act;

c.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful termination plus interest from the date of discrimination;

d.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e.      that the Court order the Defendant to reinstate the Plaintiff to the position she held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay damages, as well as order the Defendant to pay the Plaintiff a salary which is commensurate with the salary paid to her male counterparts;

f.      that the Court order the Defendant to pay a back pay award for
monies lost as a result of the Plaintiff being paid less than her male
counterparts;

g.      that in addition to the damages above, the Court award the Plaintiff
liquidated damages in an amount equal to the pecuniary losses
sustained as a result of the Defendant's willful violation of ADEA;

h.      that the Court order the Defendant to reinstate the Plaintiff to the
position she held before she was discriminated against, with the
accumulated seniority, fringe benefits, and all other rights or in
the alternative award the Plaintiff front pay damages;

i.      that the Court award the Plaintiff reasonable attorneys' fees and
costs of this action; and

j.      that the Court grant the Plaintiff such additional relief as may
be just and proper.

## JURY TRIAL DEMANDED

## COUNT IV:

## PHRA VIOLATIONS

39.    Plaintiff incorporates Paragraphs 1 through 38 as though fully set forth at length herein.

40.    As set forth above, Defendants has discriminated against the Plaintiff because of her sex

in violation of the Pennsylvania Human Relations Act, 43 Pa. Cons.Stat.Ann. 955(a).  In

addition, the Defendants subjected Plaintiff to retaliation in violation of the Pennsylvania Human

Relations Act.

41.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff was

terminated from her employment as a coach and suffered the injuries set forth at length above.

42.    As a direct result of the Defendant's discriminatory actions, and in violation of the

PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the

Defendants.  In addition, the Plaintiff has and or will incur counsel fees and other costs in

pursuing her legal rights.  The Plaintiff has also suffered from physical and emotional distress,

inconvenience, humiliation, loss of standing among her peers, apprehension and stress.

43.     The actions on the part of the Defendants were intentional and willful.

            WHEREFORE, Plaintiff requests the following:

    a.      that the Court enter a Judgment declaring the Defendants' actions
            to be unlawful and violative of the Pennsylvania Human Relations Act;

    b.      that the Court award the Plaintiff the amount of back wages, with
            accumulated fringe benefits, merit pay increases and increases in
            benefit plans, and all other benefits lost due to the Defendants'
            unlawful termination of Plaintiff;

    c.      that in addition to the damages above, the Court award the Plaintiff
            liquidated damages in an amount equal to the pecuniary losses
            sustained as a result of the Defendants' willful violation of
            Pennsylvania Human Relations Act;

    d.      that the Court order the Defendant to reinstate the Plaintiff to
            the position she held before she was discriminated against, with
            the accumulated seniority, fringe benefits, and all other rights
            or in the alternative award the Plaintiff front pay;

    e.      that the Court award the Plaintiff compensatory and punitive
            damages as a result of Defendants' actions being unlawful and
            violative of the Pennsylvania Human Relations Act;

    f.      that the Court award the Plaintiff pre-judgment and post-judgment
            interest from the date of the discrimination;

    g.      that the Court award the Plaintiff reasonable attorneys' fees and
            costs of this action; and

    h.      that the Court grant the Plaintiff such additional relief as may
            be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

SCANLON & SANSONE


s/Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
2300 Lawyers Building
Pittsburgh, Pennsylvania  15219
(412) 281-9194

Dated:  June 24, 2010